IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

**FILED**

**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Brunswick, Georgia**
*By arowe at 2:43 pm, Jul 30, 2015*

| | |
|---|---|
| IN RE: ROBERT EDWARD HOLLAND ) | CHAPTER 7 CASE |
| ) | NUMBER 14-20990 |
| Debtor ) | |
| _____ ) | |
| ROBERT EDWARD HOLLAND ) | |
| ) | |
| Objecting Debtor ) | |
| ) | |
| v. ) | |
| ) | |
| DIANA MCCARTNEY ) | |
| ) | |
| Creditor/Respondent ) | |

## OPINION AND ORDER DISMISSING OBJECTIONS TO CLAIMS

Pursuant to notice, the objections by Debtor Robert Edward Holland to the claims of his ex-wife, Diana McCartney, came on for hearing, with McCartney's response.[1]

The chapter 7 Trustee having reported that there is no non-exempt property available for distribution from the estate, the Amended Objections to Claims Number 6 and Number 7 are dismissed. In dismissing the objections, I make no determination as to whether Holland owes any debt to McCartney; the amount of any such debt; whether such debt would be in the nature of alimony, maintenance, or support or would be otherwise related to

---

[1] Neither McCartney nor her attorney was present at the hearing.

AO 72A

(Rev. 8/82)

the parties' divorce; or whether such debt would be excepted from discharge.

## FINDINGS OF FACT

This chapter 7 case was noticed first as a no-asset case, then as an asset case, then finally was determined to be a no-asset case conclusively. Thus it has happened that proofs of claim—and objections to claims—were filed notwithstanding that there is no money in the estate to distribute to creditors.

Shortly after the filing of the petition, the Clerk's office issued a standard notice informing creditors of the bankruptcy case, stating that there did not appear to be any property available to pay creditors, and instructing creditors not to file proofs of claim at that time. (Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, ECF No. 6 at 2.) The notice further stated that if it later appeared that assets would be recovered, another notice would issue, informing creditors that claims would be permitted and establishing a deadline for their filing. (Id.) Two months later, such notice did issue, with a claims bar date of March 19, 2015. (Notice of Need to File Proof of Claim Due to Recovery of Assets, ECF No. 26.)

McCartney then timely filed two claims: one claim in the amount of $12,232.50 ("Claim No. 6"), which she designated as

AO 72A

(Rev. 8/82)

a domestic support obligation ("DSO"); and another claim in the amount of $6476.14 ("Claim No. 7"), which she did not designate as a DSO, but which she stated was based on "Retirement owed re: Dissolution," presumably referring to dissolution of the marriage. (Claims Register, Claim Nos. 6-1, 7-1, filed Mar. 18, 2015.) Holland filed objections to both claims ("Claims"), and it is these objections as amended ("Objections") that are before me now. The Objections were set for hearing on June 11, 2015.

After the hearing was noticed but before it was held, the Trustee determined that the estate had no assets available for distribution. (Chapter 7 Trustee's Report of No Distribution, May 28, 2015.) Consequently, by the time the Objections came on for hearing, this case had been fully administered as a no-asset case. (See id.)

## CONCLUSIONS OF LAW

I dismiss the Objections, because ruling on them would serve no purpose in this no-asset chapter 7 case. I thus make no determination as to the validity or the amount of any underlying debt. I also make no determination as to whether any or all of such debt would be in the nature of alimony, maintenance or support or would be otherwise divorce-related; or whether such debt would be dischargeable.

AO 72A
(Rev. 8/82)

I.

## When There Are No Assets to Distribute, There Is No Bankruptcy Purpose Served in Considering an Objection to Proof of Claim.

An allowed claim in bankruptcy permits the creditor who holds the claim to share in the distribution of assets from the bankruptcy estate. Ziino v. Baker, 613 F.3d 1326, 1328 (11th Cir. 2010). The sole purpose of a proof of claim is to provide a means for the creditor to assert this right. Deutsch-Sokol v. Northside Sav. Bank (In re Deutsch-Sokol), 290 B.R. 27, 31 (S.D.N.Y. 2003). Thus, where there are no assets to distribute, a proof of claim serves no practical purpose. 4 Collier on Bankruptcy ¶ 501.01[3][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015). For this reason, creditors in no-asset chapter 7 cases are informed that it is unnecessary to file claims. See Fed. R. Bankr. P. 2002(e).

Where there are no assets to distribute, there also is no purpose served by considering objections to proofs of claim. In re Bailey, No. 10-62834, 2010 WL 4702354, at *3 (Bankr. N.D. Ga. Nov. 17, 2010). Accordingly, bankruptcy courts generally do not rule on objections to claims in no-asset chapter 7 cases. Id.; see also Shapiro v. United States (In re Shapiro), 188 B.R. 140, 148 (Bankr. E.D. Pa. 1995) (stating that a bankruptcy court may exercise its discretion not to resolve claims objections

AO 72A

(Rev. 8/82)

"when the estate will provide no distribution to the creditor whose claim has been challenged").

Here, although the Trustee believed for a time that there were assets to distribute, the case ultimately was administered as a no-asset case. Thus, even though the Claims were properly filed, neither the Claims nor the Objections serve any bankruptcy purpose now. The Objections are therefore dismissed, leaving unresolved the questions of whether Holland owes McCartney any money and, if so, how much.

## II.

### Dischargeability Is Not Determined on Objection to Proof of Claim.

A chapter 7 discharge does not include a DSO, defined in part as a debt "in the nature of alimony, maintenance, or support" owed to a former spouse. 11 U.S.C. § 523(a)(5); § 101(14A)(A)-(B). A chapter 7 discharge also does not include divorce-related debts that are not DSOs. 11 U.S.C. § 523(a)(15).

Bankruptcy courts and state courts have concurrent jurisdiction to determine dischargeability under §§ 523(a)(5) and 523(a)(15). 28 U.S.C. § 1334(b); Cummings v. Cummings, 244 F.3d 1263, 1267 (11th Cir. 2001) ("State courts have concurrent jurisdiction with the bankruptcy courts to determine whether an obligation is in the nature of support for the purposes of

AO 72A
(Rev. 8/82)

§ 523(a)(5)."); 4 <u>Collier on Bankruptcy</u> ¶ 523.03 ("For all other exceptions to discharge enumerated in section 523(a) [except those under subsections 523(a)(2), (4), and (6)] jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court.").

Dischargeability of the underlying debt is a separate issue from allowance or disallowance of the claim. <u>Fla. Dept. of Revenue v. Diaz (In re Diaz)</u>, 647 F.3d 1073, 1090 (11th Cir. 2011). The two questions are procedurally distinct as well. A proceeding on objection to proof of claim under 11 U.S.C § 502 is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure; a determination of dischargeability under § 523 is an adversary proceeding under Rule 7001(6), although an objection to claim may be included, too, under Rule 3007(b).

Thus, the dismissal of the Objections here has no bearing on whether the underlying debts, if any, are excepted from Holland's discharge;[2] or whether § 523(a)(5) or § 523(a)(15), or neither, applies. Those determinations must be made, if not in an adversary proceeding, then in the state court where jurisdiction properly lies.

---

[2] Discharge was entered on May 7, 2015.

AO 72A
(Rev. 8/82)

**ORDER**

There being no purpose served in ruling on objections to proofs of claim in a no-asset chapter 7 case, the Amended Objections to Claims Number 6 and Number 7 are therefore **ORDERED DISMISSED.**

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this _30t_ day of July, 2015.

AO 72A
(Rev. 8/82)